UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DAVID R. FROHWERK, | ) | |
|---|---|---|
| Plaintiff | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:09-CV-317 RM |
| CORRECTIONAL MEDICAL SERVICES, *et al.*, | ) ) ) ) | |
| Defendant | ) | |

OPINION AND ORDER

David Frohwerk, a prisoner confined at the Westville Correctional Facility ("WCF"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging that employees of the Aramark Corporation ("Aramark") and Correctional Medical Services Corporation ("CMS") at the WCF violated his federally protected rights. Under 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> * * *
>
> . . . only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity
> and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-1950 (2009) (quotation marks and citations omitted).

Mr. Frohwerk brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Burrell v. City of Mattoon, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the

United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Aramark and CMS are corporations that provide services to the Indiana Department of Correction on a contract basis. Mr. Frohwerk alleges that he missed meals on two separate occasions because of actions by Aramark employees and that while he was in the infirmary for fifty-six hours, CMS employees didn't keep the infirmary clean, didn't change his sheets, and didn't properly use an I.V. feeding tube.

A corporation may be a "person" for purposes of 42 U.S.C. § 1983 when acting as the alter ego of a state. Ancata v. Prison Health Services, 769 F.2d 700 (11th Cir. 1985) (corporation acting on behalf of a county is a person); Comtronics, Inc. v. Puerto Rico Tel., 409 F.Supp. 800, 806 (corporation is a person); and Croy v. Skinner, 410 F.Supp. 117, 123 (D. Ga. 1976) (corporation is a person). Cf Eddy v. Virgin Islands Water and Power Authority, 955 F. Supp. 468, 477 (D. V.I. 1997) (corporation acting on behalf of a state is not a person). But Mr. Frohwerk doesn't allege that Aramark employees at the WCF denied him meals based on policy established by Aramark corporate officials, nor do the facts alleged suggest such an inference. He doesn't allege that CMS employees at the WCF acted as they did based on CMS corporate policy, nor is it reasonable to infer that they did so. Aramark and Correctional Medical Services cannot remain as defendants based only on the actions of their employees, because the doctrine of respondeat superior has no application to § 1983 action. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001); Moore v. State of

3

Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993).

George v. Smith, 507 F.3d 605 (7th Cir. 2007), precludes Mr. Frohwerk from bringing unrelated claims in the same action:

> A buckshot complaint that would be rejected if filed by a free person--say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions--should be rejected if filed by a prisoner. George did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is "common to all defendants".

George v. Smith, 507 F.3d at 607.

> The district court did not question George's decision to join 24 defendants, and approximately 50 distinct claims, in a single suit. It should have done so. The controlling principle appears in FED. R. CIV. P. 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

George v. Smith, 507 F.3d at 607.

Mr. Frohwerk alleges that Aramark employees didn't provide him with adequate nutrition on two specific occasions. He also alleges that CMS employees violated his rights by lack of cleanliness in the infirmary during a fifty-six hour stay. But Mr. Frohwerk may

4

not bring unrelated claims against separate defendants in this case, and he would have to file separate complaints against Aramark and CMS employees. If the facts alleged in the complaint stated a claim upon which relief can be granted, the court would let Mr. Fohwerk file separate complaints against the two sets of individual defendants he seeks to sue. But Mr. Frohwerk's complaint states no claim upon which relief can be granted against any defendant.

Mr. Frohwerk alleges that he missed two meals in June 2009. He alleges that on June 4, 2009, he refused to eat breakfast because of the unhygienic way an inmate worker was serving the meal and that on June 20, 2009, Aramark employees didn't serve him lunch.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). The Constitution "does not mandate comfortable prisons," and only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991), quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

The Constitution requires that inmates receive adequate amounts of nutritious food, See Farmer v. Brennan, 511 U.S. at 832. But "conditions that would violate the Eighth Amendment over a long period of time may not constitute a constitutional violation if imposed for short periods of time." Craft v. Mann, 265 F.Supp.2d 970, 972 (N.D. Ind. 2003)

("Denial of full nutritious meals for two days is insufficient to violate the Eighth Amendment's prohibition against cruel and unusual punishments."). Missing a single meal on two separate occasions is a *de minimis* injury and didn't deny Mr. Frohwerk the minimal civilized measure of life's necessities. Though missing these meals was more than likely unpleasant, it states no Eighth Amendment claim upon which relief can be granted.

Mr. Frohwerk alleges that CMS employees didn't keep the infirmary clean, didn't change his sheets, and didn't properly use an I.V. feeding tube. In medical care cases, the Eighth Amendment test set forth in Farmer v. Brennan and Wilson v. Seiter is expressed in terms of whether there was deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Conditions that merely cause inconvenience and discomfort or make confinement unpleasant do not rise to the level of constitutional violations, Adams v. Pate, 445 F.2d 105, 108-109 (7th Cir. 1971); Del Raine v. Williford, 32 F.3d 1024, 1050 (7th Cir. 1994) (Manion, J. concurring), and conditions that would violate the Eighth Amendment over a long period of time may not constitute a constitutional violation if imposed for short periods of time. *See* Jones-Bey v. Wright, 944 F.Supp. 723, 732 (N.D. Ind. 1996).

"Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. To state a claim under the Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for (his) welfare in the face of serious risks." McNeil v. Lane, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted). Mr. Frohwerk's allegations do not suggest that he faced serious risks in the infirmary because of sanitation,

and he alleges no actual harm from the actions or inactions of CMS employees at the WCF infirmary. The conditions Mr. Frohwerk complains of may have been inconvenient, uncomfortable, and unpleasant, but they didn't place his welfare at serious risk or deny him the minimal civilized measure of life's necessities. The conditions he complains of didn't violate his Constitutional rights. Del Raine v. Williford, 32 F.3d at 1050.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(1), the court DISMISSES this complaint.

SO ORDERED.

ENTERED: September  1 , 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: D. Frohwerk